ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 0 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JANE DOES 1-3,

    Plaintiffs,

v.

SUNG BUM CHANG,
HYANG KYUNG CHANG, AND
CLUB WA D/B/A WA
ENTERTAINMENT, INC.

    Defendants.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. _____

**3-08CV2189-N**

## APPENDIX IN SUPPORT OF PLAINTIFFS' MOTION SEEKING
## LEAVE TO PROCEED ANONYMOUSLY

Dated: December 10, 2008

FULBRIGHT & JAWORSKI L.L.P.

_____
Richard Krumholz
State Bar No. 00830700
Luis G. Zambrano
State Bar No. 24033497
Brandon Crisp
State Bar No. 24054491
Grace L. Hill
State Bar No. 24060152

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 7 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-127-L |
| | § | |
| SUNG BUM CHANG (1) | § | |

## FACTUAL RESUME

Sung Bum Chang, Bruce Anton, the defendant's attorney, and the United States of

America agree to the law and facts as follows:

1.    **Elements of the Offenses.**

Count One
Conspiracy to Provide or Obtain Forced Labor
(Violation of 18 U.S.C. § 371 [18 U.S.C. § 1589])

The essential elements of an offense under Count One of the superseding

indictment, Conspiracy to Provide or Obtain Forced Labor, a violation of 18 U.S.C. § 371

[18 U.S.C. § 1589], are as follows:

*First*:     that the defendant and at least one other person made an agreement to
commit the crime of Forced Labor, as charged in the indictment;

*Second*:     that the defendant knew the unlawful purpose of the agreement
and joined in it willfully, that is, with the intent to further the
unlawful purpose; and

*Third*:     that one of the conspirators during the existence of the conspiracy
knowingly committed at least one of the overt acts described in the
indictment, in order to accomplish some object or purpose of the
conspiracy.

Factual Resume - Page 1

**App. 02**

<u>Count Three</u>
Forced Labor/Attempt
(Violation of 18 U.S.C. §§ 1589 and 1594(a))

The essential elements of an offense under Count Three of the superseding

indictment, Forced Labor/Attempt, a violation of 18 U.S.C. §§ 1589 and 1594(a), are as

follows:

*First*:       that the defendant provided or obtained the labor or services of
              another person;

*Second*:    that the defendant used at least one of the following three prohibited
              means:

      (A)   threats of serious harm to, or physical restraint against, that
              person or another person; or
      (B)   a scheme, plan or pattern intended to cause the person to
              believe that nonperformance of labor or services would result
              in serious harm to or physical restraint against that person or
              any other person; or
      (C)   the abuse or threatened abuse of law or the legal process; and

*Third*:      that the defendant acted knowingly.

2.     **Stipulated Facts**: On or about December 13, 2004, and continuing through

on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and

elsewhere, the defendant, Sung Bum Chang, and others, did knowingly and willfully

combine, confederate, conspire and agree with one another and others, to commit certain

offenses against the United States, specifically, to willfully hold club workers in a

condition of forced labor in violation of 18 U.S.C. § 1589, as alleged in Count One of the

superseding indictment.  Defendant was aware of the unlawful purpose of this conspiracy

and joined in it willfully, with the intent to further the conspiracy's unlawful purpose.

**Factual Resume - Page 2**

In furtherance of the conspiracy and to effect the objects thereof, within the Northern District of Texas and elsewhere, the defendant, together with others, committed and caused to be committed the following overt acts, among others.  Defendant is the owner of "Club Wa" in Coppell, Texas, also doing business as "Wa Entertainment," and the owner of a residence located at 806 Greenway Drive, Coppell, Texas. Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant Sung Bum Chang, in collaboration with others, recruited and brought young Korean women from South Korea to Dallas, Texas, to obtain and maintain their labor and services as club hostesses at Club Wa.  Defendant paid to other conspirators the smuggling debts of several Korean women who had been smuggled into, or who had otherwise become indebted for their transportation to the United States.  Thereafter, the women, who were in the country illegally, lived at the Chang residence and were required to work at Club Wa, through the means prohibited by 18 U.S.C. § 1589(1) and (2), including physical restraint,  such as restrictions on the women's ability to come and go from the residence and business through a video surveillance system and the placement, at times, of other employees at the exits, as well as the other means described below, in order to compel them to pay off their debt and for his own financial benefit.  Included in the group of women living in the Chang residence were victims "M.J.Y.", "H.Y.J.", "J.S.L.", "E.M.L.", and "G.H.H.," all female Korean nationals, who were held in a condition of forced labor as hostesses at Club Wa.

**Factual Resume - Page 3**

Beginning on or about December 13, 2004, and continuing until on or about April 26, 2005, defendant monitored the aliens' movements in person or through an escort and via a video surveillance system. During the relevant time period, defendant directed the women to work as club hostesses for six to seven days a week. He required the women to sit with customers and otherwise entertain them, so that the customers would buy more liquor from Club Wa. Defendant maintained records regarding many of the women's earnings and the payment of their debt. He charged the women varying amounts for food and lodging, such amounts being added to their overall debt to him.

Defendant Sung Bum Chang engaged in a range of conduct to force the young Korean women to continue working for him. This conduct included, among other things, holding the victims' passports, executing contracts with the victims requiring at least six months of labor or services, restricting the victims' movement and social contact, monitoring the victims' movements with surveillance cameras, and fining the victims for violating the rules of behavior. On or about December 2004, and on multiple occasions thereafter, defendant warned the women that they were not free to leave unless and until they had paid off the smuggling debt, as well as debts that he claimed the women owed for rent and food. On one occasion, in view of the conditions she was subjected to and at a time when her departure from the residence through the normal exit was precluded, H.Y.J. escaped from the Chang residence by leaping from a second story window.

The property listed in Count 10 of the superseding indictment was used in or intended to be used to commit or to facilitate the commission of the offenses alleged in

Counts 1 and 3 of the superseding indictment and/or was the proceeds from or was derived from proceeds of the commission of the offenses alleged in Counts 1 and 3 of the superseding indictment.

AGREED TO AND SIGNED  this *17th* day of *May*, 2006.

RICHARD B. ROPER
United States Attorney

SARAH R. SALDAÑA
Assistant United States Attorney
Texas State Bar No. 05776775
1100 Commerce Street, Third Floor
Dallas, Texas  75242
214.659.8600
Facsimile: 214.767.4100

WAN J. KIM
Assistant Attorney General
Civil Rights Division

J. EVANS RICE III
Trial Attorney
D.C. Bar No. 481768
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
202.305.7300
Facsimile: 202.514.8336

SUNG BU CHANG
Defendant

BRUCE ANTON
Attorney for Defendant
Texas State Bar No. 02916300

**Factual Resume - Page 5**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 7 2006

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-127-L |
| | § | |
| SUNG BUM CHANG  (1) | § | |

## PLEA AGREEMENT

Sung Bum Chang, Bruce Anton, the defendant's attorney, and the United States of America (the government), agree as follows:

1.   **Rights of the defendant**:   Chang understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty:**   Chang waives these rights and pleads guilty to the offense alleged in Count 1 of the superseding indictment, charging a violation of 18 U.S.C. § 371 [18 U.S.C. § 1589], conspiracy to provide or obtain forced labor; the offense alleged in Count 3 of the superseding indictment, charging a violation of 18 U.S.C. § § 1589 and 1594(a), forced labor/attempt; and pleads true to the forfeiture allegations in Count 10 of the superseding indictment, pursuant to 18 U.S.C. 1594(b).

Chang understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.    **Sentence:**   The maximum penalties the Court can impose include:

**Count 1:**

a.    imprisonment for a period not to exceed 5 years;

b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment.  If Chang violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $100;

e.    restitution to victims or to the community, which may be mandatory under the law, and which Chang agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f.    costs of incarceration and supervision; and

g.    forfeiture of property.

**Count 3:**

a.    imprisonment for a period not to exceed 20  years;

b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Chang violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $100;

**Plea Agreement - Page 2**

e.   restitution to victims or to the community, which may be mandatory under the law, and which Chang agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f.   costs of incarceration and supervision; and

g.   forfeiture of property.

4.   **Court's sentencing discretion and role of the Guidelines**: Chang understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Chang has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Chang will not be allowed to withdraw his plea if his sentence is higher than expected. Chang fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.   **Mandatory special assessment**: Prior to sentencing, Chang agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessment in this case.

6.   **Defendant's cooperation**: Chang shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. Upon demand, Chang shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Chang's cooperation.

**Plea Agreement - Page 3**

Chang agrees the following items of personal property (listed in Count 10 of the superseding indictment) are subject to forfeiture: one 2003 Mercedes ML 350, VIN 4JGAB57E43A432839, license plate V42MDF; one 2004 Lexus ES 330, VIN JTHBA030G845055484, license plate Z31BGW; $5,560 in United States currency, seized on April 26, 2005; and assorted electronic equipment, computers, computer equipment, and electronics, including a HP Pavilion ZX5000, a Celeron CPU, and a generic CPU, seized on April 26, 2005. Chang agrees to the forfeiture of the above-described items of personal property in an administrative forfeiture proceeding, pursuant to 18 U.S.C. §§ 981 and 983, the Code of Federal Regulations, and/or 19 U.S.C. §§ 1607-1609. Chang agrees he will not file a claim to the above-described items of personal property in the administrative forfeiture proceeding, and if he has filed claims to the above-described items of personal property in such a proceeding, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described items of personal property and the transfer of his interest in them to the government. Chang waives any time limits regarding the filing of an administrative forfeiture proceeding as provided in 18 U.S.C. § 983 or any other applicable statute of limitations. Chang agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described items of personal property. Chang agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described items of personal property.

**Plea Agreement - Page 4**

7. **Government's agreement**: The government will not bring any additional charges against Chang based upon the conduct underlying and related to Chang's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. If, in its sole discretion, the government determines that Chang has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Chang or any property.

8. **Conditionality**: The defendant understands and acknowledges that this agreement is dependent on the acceptance and entry by the Court of the guilty plea of co-defendant Hyang Kyung Chang. It is understood and agreed that if Hyang Kyung Chang does not accept the current plea offer by the government and successfully enter and maintain a guilty plea throughout sentencing, this agreement will be null and void.

9. **Violation of agreement**: Chang understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Chang for all offenses of which it has knowledge. In such event, Chang waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Chang also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

**Plea Agreement - Page 5**

10.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.    **Waiver of right to appeal or otherwise challenge sentence**:  Chang waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Chang, however, reserves the rights (a) to bring a direct appeal of (i) any increase in the base offense level(s) used to determine Chang's sentence arising from a specific offense characteristic or other adjustment which the Court determines to be applicable, (ii) a sentence exceeding the statutory maximum punishment, or (iii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.    **Representation of counsel**: Chang has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Chang has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes that he is guilty, and after conferring with his lawyer, Chang has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**Plea Agreement - Page 6**

13.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this *17th* day of *May*, 2006.

RICHARD B. ROPER
United States Attorney

SARAH R. SALDAÑA
Assistant United States Attorney
Texas State Bar No. 05776775
1100 Commerce Street, Third Floor
Dallas, Texas  75242
214.659.8600
Facsimile: 214.767.4100

CHAD E. MEACHAM
Deputy Criminal Chief

SUNG BUM CHANG
Defendant

WAN J. KIM
Assistant Attorney General
Civil Rights Division

J. EVANS RICE III
Trial Attorney
D.C. Bar No. 481768
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
202.305.7300
Facsimile: 202.514.8336

BRUCE ANTON
Attorney for Defendant
Texas State Bar No. 18855300

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____     _____5-16-06_____
Sung Bum Chang                Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _____5-16-06_____
Bruce Anton                   Date
Attorney for Defendant

**Plea Agreement - Page 7**

**App. 13**

# EXHIBIT B

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 5 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-127-L |
| | § | |
| HYANG KYUNG CHANG (2) | § | |

## FACTUAL RESUME

Hyang Kyung Chang, Brian O'Shea, the defendant's attorney, and the United States of America agree to the law and facts as follows:

1.    **Elements of the Offense under Count One**: The essential elements of an offense under Count One of the superseding information, Employment of Unauthorized Aliens/Aiding and Abetting, a violation of 8 U.S.C. §§ 1324a(a)(1)(A), (a)(2), (f)(1) and 18 U.S.C. § 2, are as follows:

> *First:*     That the offense of employment of unauthorized aliens was committed by some person;
>
> *Second:*     That the defendant associated with the criminal venture;
>
> *Third:*     That the defendant purposefully participated in the criminal venture; and
>
> *Fourth:*     That the defendant sought by action to make that venture successful.

2.    **Stipulated Facts**: On or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant, Hyang Kyung Chang, aided and abetted a pattern or practice of

**Factual Resume - Page 1**

**App. 15**

hiring, or recruiting or referring for a fee, for employment in the United States, aliens, all South Korean nationals, knowing such aliens were unauthorized aliens with respect to such employment, in violation of 8 U.S.C. § 1324a(a)(1)(A), (a)(2), (f)(1) and 18 U.S.C. § 2.

Defendant is the spouse of the owner of "Club Wa" in Dallas, Texas, also doing business as "Wa Entertainment." Beginning on or about December 13, 2004, and continuing through on or about April 26, 2005, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant Hyang Kyung Chang, along with her spouse and others, worked at Club Wa, where women, all South Korean nationals, were hired, recruited or referred for a fee to obtain and maintain their labor and services as hostesses at Club Wa. All of these women were aliens who had not been admitted for permanent residence or been authorized to be so employed pursuant to the Immigration and Nationality Act or the Attorney General. Included in the group of women over that relevant time period were "M.J.Y.", "H.Y.J.", "J.S.L.", "E.M.L.", "G.H.H.," "E.K.," and "H.P." Defendant supervised these women, all Korean nationals, at various times during the course of their employment at Club Wa and kept track of their earnings and expenses, all the while knowing that the women were in the country illegally and unauthorized aliens. Defendant knowingly and willfully associated with this criminal venture and sought by her actions to make that venture successful and to benefit therefrom.

AGREED TO AND SIGNED this _1st_ day of _June_____, 2006.

RICHARD B. ROPER
United States Attorney

_____
SARAH R. SALDAÑA
Assistant United States Attorney
Texas State Bar No. 05776775
1100 Commerce Street, Third Floor
Dallas, Texas 75242
214.659.8600
Facsimile: 214.767.4100

WAN J. KIM
Assistant Attorney General
Civil Rights Division

_____
J. EVANS RICE III
Trial Attorney
D.C. Bar No. 481768
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
202.305.7300
Facsimile: 202.514.8336

_____
HYANG ~~KYUNG~~ CHANG
Defendant

_____
BRIAN O'SHEA
Attorney for Defendant
Texas State Bar No. 15334950

**Factual Resume - Page 3**

**App. 17**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN −5 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-127-L |
| | § | |
| HYANG KYUNG CHANG  (2) | § | |

## PLEA AGREEMENT

Hyang Kyung Chang, Brian O'Shea, her attorney, and the United States of

America (the government), agree as follows:

1.    **Rights of the defendant**:  Chang understands that she has the rights

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have her guilt proven beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in her defense; and

      e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  Chang waives these rights and

pleads guilty to the offense alleged in Count One of the superseding information,

charging a violation of 8 U.S.C.§§ 1324a(a)(1)(A), (a)(2), (f)(1) and 18 U.S.C. § 2, that

is, aiding and abetting the employment of unauthorized aliens . Chang understands the

nature and elements of the crime to which she is pleading guilty, and agrees that the

factual resume she has signed is true and will be submitted as evidence.

3.   **Sentence:**   The maximum penalties the Court can impose include:

a.   imprisonment for a period not to exceed 6 months;

b.   a fine not to exceed $21,000;

c.   a term of supervised release of not more than 1 year, which may be mandatory under the law and will follow any term of imprisonment. If Chang violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

d.   a mandatory special assessment of $100;

e.   restitution to victims or to the community, which may be mandatory under the law, and which Chang agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f.   costs of incarceration and supervision.

4.   **Court's sentencing discretion and role of the Guidelines:**   Chang

understands that the sentence in this case will be imposed by the Court and that the

United States Sentencing Guidelines are not applicable to Count One of the superseding

information.  Chang has reviewed the maximum penalties the Court can impose with her

attorney, but understand no one can predict with certainty the Court's sentence in this

case.  Chang will not be allowed to withdraw her plea if her sentence is higher than

expected.  Chang fully understands that the actual sentence imposed (so long as it is

within the statutory maximum) is solely in the discretion of the Court.

**Plea Agreement - Page 2**

5.      **Mandatory special assessment**:   Prior to sentencing, Chang agrees to pay
to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special
assessment in this case.

6.      **Defendant's cooperation**:   Chang shall cooperate with the government by
giving truthful and complete information and/or testimony concerning her participation in
the offense of conviction and knowledge of criminal activities.  Upon demand, Chang
shall submit a personal financial statement under oath and submit to interviews by the
government and the U.S. Probation Office regarding her capacity to satisfy any fines or
restitution.  The government will advise the Court of the extent of Chang's cooperation.
Chang agrees the following items of personal property are subject to forfeiture: one 2003
Mercedes ML 350, VIN 4JGAB57E43A432839, license plate V42MDF; one 2004 Lexus
ES 330, VIN JTHBA030G845055484, license plate Z31BGW; $5,560 in United States
currency, seized on April 26, 2005; and assorted electronic equipment, computers,
computer equipment, and electronics, including a HP Pavilion ZX5000, a Celeron CPU,
and a generic CPU, seized on April 26, 2005.  Chang agrees to the forfeiture of the
above-described items of personal property in an administrative forfeiture proceeding,
pursuant to 18 U.S.C. §§ 981 and 983, the Code of Federal Regulations, and/or 19 U.S.C.
§§ 1607-1609.  Chang agrees she will not file a claim to the above-described items of
personal property in the administrative forfeiture proceeding, and if she has filed claims
to the above-described items of personal property in such a proceeding, she now
withdraws those claims and will execute the necessary documents to withdraw said claims

and any other documents as requested by the government to effect the forfeiture of the above-described items of personal property and the transfer of his interest in them to the government. Chang waives any time limits regarding the filing of an administrative forfeiture proceeding as provided in 18 U.S.C. § 983 or any other applicable statute of limitations. Chang agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described items of personal property. Chang agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described items of personal property.

7.      **Government's agreement**:  The government will not bring any additional charges against Chang based upon the conduct underlying and related to Chang's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Chang or any property.

8.      **Conditionality**:  The defendant understands and acknowledges that this agreement is dependent on the acceptance and entry by the Court of the guilty plea of co-defendant Sung Bum Chang. It is understood and agreed that if Sung Bum Chang does not accept the current plea offer by the government and successfully enter and maintain a guilty plea throughout sentencing, this agreement will be null and void.

9.  **Violation of agreement**:  Chang understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Chang for all offenses of which it has knowledge.  In such event, Chang waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Chang also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10.  **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.  **Waiver of right to appeal or otherwise challenge sentence**:  Chang waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence.  She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Chang, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.  **Representation of counsel**: Chang has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal

representation. Chang has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with his lawyer, Chang has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _1st_ day of _June_, 2006.

RICHARD B. ROPER
United States Attorney

SARAH R. SALDAÑA
Assistant United States Attorney
Texas State Bar No. 05776775
1100 Commerce Street, Third Floor
Dallas, Texas  75242
214.659.8600
Facsimile: 214.767.4100

CHAD E. MEACHAM
Deputy Criminal Chief

HYANG KYUNG CHANG
Defendant

WAN J. KIM
Assistant Attorney General
Civil Rights Division

J. EVANS RICE III
Trial Attorney
D.C. Bar No. 481768
Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
202.305.7300
Facsimile: 202.514.8336

BRIAN O'SHEA
Attorney for Defendant
Texas State Bar No. 15334950

Plea Agreement - Page 6

**App. 23**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____          _____
Hyang Kyung Chang                                    Date


I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
Brian O'Shea                                             Date
Attorney for Defendant

# EXHIBIT C

ORIGINAL

AO 245B    (Rev. 12/03) *Amended Judgment in a Criminal Case
Sheet 1   TXND Mod - 09/28/04

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

NOV   7 2006

CLERK, U.S. DISTRICT COURT
By _____ Deputy

# UNITED STATES DISTRICT COURT

<u>Northern</u>   District of   <u>Texas - Dallas Division</u>

UNITED STATES OF AMERICA

**v.**

**SUNG BUM CHANG**

*AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: **3:05-CR-127-L(01)**

USM Number: **33473-177**

**Bruce Anton and Barry Sorrels**
Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count(s)   **1 and 3 of the superseding Indictment filed September 21, 2005.**

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 (18 USC § 1589) | Conspiracy to Provide or Obtain Forced Labor | April 26, 2005 | 1 |
| 18 USC §§ 1589 & 1594(a) | Forced Labor/Attempt | February 26, 2005 | 3 |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[✓] Count(s)  <u>Count(s) remaining of the superseding Indictment</u>  [ ] is [✓] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 18, 2006**
Date of Imposition of Judgment

_Sam A. Lindsay_ (signature)
Signature of Judge

**Sam A. Lindsay**
**United States District Judge**
Name and Title of Judge

**November 7, 2006**
Date

**App. 26**

**\*This Amended Judgment is issued to correct a clerical error on page 2. The correct date Defendant shall surrender for service of sentence is November 16, 2006, instead of November 16, 2007.**

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment   TXND  Mod - 9/28/04

Judgment — Page ___2___ of ___8___

DEFENDANT:  **SUNG BUM CHANG**
CASE NUMBER:**3:05-CR-127-L(01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**120 months on Count 3 and five (5) years on Count 1, and the sentence on each count is to run concurrently with the other. The total aggregate sentence is 120 months.**

[✓] The court makes the following recommendations to the Bureau of Prisons:
   **assign the defendant to the Federal Correctional Institution in Seagoville, Texas.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ [ ] a.m. [ ] p.m. on _____

   [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [✓] before **2:00 p.m.** on _____**November 16, 2006**_____

   [✓] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
                UNITED STATES MARSHAL

By _____
              DEPUTY UNITED STATES MARSHAL

**App. 27**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**three (3) years on each count.  All terms of supervised release are to run concurrently.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**App. 28**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not directly, or indirectly, contact any of the victims in this case.

The defendant shall not use some other person to get a message to any of the victims in this case.

The defendant shall specifically not contact any of the victims verbally, in writing, or by any other means.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons.

The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer.

The defendant shall provide to the U.S. Probation Officer complete access to all business and personal financial information.

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $37,280, payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas 75242, for disbursement to:

HP (as identified further in the PSR)
c/o Bill Bernstein, Deputy Director
At Mosaic Family Services
Amount: $6,344
Account Name: Chang

MJY (as identified further in the PSR)
c/o Bill Bernstein, Deputy Director
At Mosaic Family Services
Amount: $5,682
Account Name: Chang

JSL (as identified further in the PSR)
c/o Bill Bernstein, Deputy Director
At Mosaic Family Services
Amount: $6,724
Account Name: Chang

EHK (as identified further in the PSR)
c/o Bill Bernstein, Deputy Director
At Mosaic Family Services
Amount: $3,387
Account Name: Chang

GHH (as identified further in the PSR)
c/o Bill Bernstein, Deputy Director
At Mosaic Family Services
Amount: $5,735
Account Name: Chang

**App. 29**

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 3C — Supervised Release   TXND Add - 09/28/04

| | Judgment—Page | 5 | of | 8 |

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## SPECIAL CONDITIONS OF SUPERVISION

**EML (as identified further in the PSR)**
**c/o Bill Bernstein, Deputy Director**
**At Mosaic Family Services**
**Amount: $8,100**
**Account Name:  Chang**

**HYJ (as identified further in the PSR)**
**c/o Bill Bernstein, Deputy Director**
**At Mosaic Family Services**
**Amount: $1,308**
**Account Name:  Chang**

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $200 per month until the restitution is paid in full.  Further, pursuant to 18 U.S.C. § 3612(f)(1), the court orders that the defendant shall pay interest on the unpaid balance.

**App. 30**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties   TXND Mod 2 - 09/28/04

Judgment — Page   6   of   8

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ | $ 37,280 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑   The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| **HP (as identified further in the PSR)**<br>**c/o Bill Bernstein, Deputy Director**<br>**At Mosaic Family Services**<br>**Account Name: Chang** | $6,344 | |
| **MJY (as identified further in the PSR)**<br>**c/o Bill Bernstein, Deputy Director**<br>**At Mosaic Family Services**<br>**Account Name: Chang** | $5,682 | |
| **JSL (as identified further in the PSR)**<br>**c/o Bill Bernstein, Deputy Director**<br>**At Mosaic Family Services**<br>**Account Name: Chang** | $6,724 | |

**TOTALS**                                      $   37,280

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☑   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐   the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

**App. 31**

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
        Sheet 5B — Criminal Monetary Penalties   TXND Mod 1 - 09/28/04

| | Judgment—Page | 7 | of | 8 |
|---|---|---|---|---|

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## ADDITIONAL RESTITUTION PAYEES

| <u>Name of Payee</u> | <u>Restitution Ordered</u> | <u>Priority or Percentage</u> |
|---|---|---|
| **EHK (as identified further in the PSR)** c/o Bill Bernstein, Deputy Director At Mosaic Family Services Account Name: Chang | $3,387 | |
| **GHH (as identified further in the PSR)** c/o Bill Bernstein, Deputy Director At Mosaic Family Services Account Name: Chang | $5,735 | |
| **EML (as identified further in the PSR)** c/o Bill Bernstein, Deputy Director At Mosaic Family Services Account Name: Chang | $8,100 | |
| **HYJ (as identified further in the PSR)** c/o Bill Bernstein, Deputy Director At Mosaic Family Services Account Name: Chang | $1,308 | |

**App. 32**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments    TXND Mod 1 - 09/28/04

Judgment — Page __8__ of __8__

DEFENDANT: **SUNG BUM CHANG**
CASE NUMBER: **3:05-CR-127-L(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☑ Lump sum payment of $ __37,280__ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance ☐ C, ☑ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☑ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __200__ over a period of
   _____ (e.g., months or years), to commence __60__ (e.g., 30 or 60 days) after release from imprisonment to a
   term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
   imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
   **It is ordered that the defendant shall pay to the United States a special assessment of $200, for Counts 1 and 3,
   which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**App. 33**