ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 26 2009

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

```
--------------------------------
    Jane Doe I-III            :
         Plaintiffs,          :
                              :
                              :
    v.                        :        Civil Action No. 3:08-cv-2189-N
                              :
                              :
    Sung Bum Chang            :
    Hyany Kyung Chang         :
    Club Wa, d/b/a            :
    Wa Entertainment, Inc.    :
         Defendants.          :
--------------------------------
```

## REQUEST FOR RECONSIDERATION OF ORDER ALLOWING
## PLAINTIFFS LEAVE TO PROCEED ANONYMOUSLY

1.    Plaintiffs, Jane Doe I - III, through their counsel, filed
      the said motion seeking leave to proceed anonymously,
      comtemporaneously with the Original Complaint in this
      matter.

2.    In their motion, the Plaintiffs request the Court's
      permission to proceed with this action anonymously.
      Furthermore, the Plaintiffs have withheld their addresses
      from the Defendants.

3.    Defendant, proceeding pro se, humbly requests
      reconsideration of the order, dated May 8th, 2009, granting

1

"leave to Plaintiffs to proceed anonymously, without
prejudice to reconsideration should any party subsequently
oppose the request" be reconsidered and denied. (Attachment
A).

4.   To justify their request, Plaintiffs allege that the
     Defendants have demonstrated a pattern of aggressive and
     threatening behavior towards them. They, however, fail to
     point out a single aggressive act or threat directed at them
     since April 2005, when criminal charges based on Plaintiffs'
     allegations were levied against the Defendants.

5.   Defendants deny the aggressive and threatening nature of the
     allegations dating on or before April 2005. Even the United
     States District Judge Sam Lindsy noted at Defendant Sung Bum
     Chang's sentencing hearing that there is not sufficient
     evidence to indicate that he ever displayed/brandished a
     firearm in a threatening manner. (see Attachement B).

6.   Judge Lindsy also ordered that the Defendants' may not
     contact the Korean Native ex-hostesses. An order that the
     Defendants have respected and adhered to fully. Certainly,
     Plaintiffs have not and can not show any violations by
     Defendants.

7.   Furthermore, this makes any potential threat/harm to
     Plaintiffs impossible because contact between Defendants and

Plaintiffs is already prohibited.

8.   No civil liability/damages can ever be greater than
     imprisonment, something that Defendant Sung Bum Chang is
     already being subjected to.  Despite this, Defendants have
     not acted out in any way against the Plaintiffs or anyone
     affiliated to them.  This is all the more critical because,
     Defendants presently have no income, no savings, and
     extremely limited assets.  Thus, any civil damages that may
     be awarded should Plaintiffs prevail, would likely be
     inconsequential to the Defendants financial status.

9.   Therefore, any remote theoretical risk of potential harm in
     this case is just that, remote and theoretical.
     Additionally, it is not any greater in this case than any
     other case involving civil damages.

10.  Opposite to a remote theoretical risk to Plaintiffs is a
     real, practical prejudice to Defendants and the integrity of
     the judicial proceedings if the Plaintiffs are allowed to
     proceed anonymously and/or if the Courtroom is closed to the
     public for any aspect of the judicial proceedings.

11.  Generally, a plaintiff must disclose his or her name in a
     complaint.  Does I - XXIII v. Advanced Textile Corp., 214
     F.3d 1058, 1072-3 (9th Cir. 2000).  Also, there is a strong,
     customary presumption of openness in judicial proceedings.

3

<u>Id</u>.  After-all, our Constitution requires it.  Certainly,
Public interest are best served with open and transparent
judicial proceedings.

12.  Any potential balancing tests between withholding or
disclosing the identity of parties in judicial proceedings
here strongly weighs in favor of disclosure.

13.  Caselaw warrants disclosure.  see <u>Advanced Textile Corp.</u>,
supra.  That case involved plaintiffs that were continuing
their employment and were under control of Advanced Textile
Corporation at the time of the lawsuit.  Plaintiffs, here
in-contrast, are in no way under any control of the
Defendants.  Therefore, there is no risk of reprisal that
can be deflected through withholding the identity of the
accusing parties.  Furthermore, <u>Advanced Textile</u> Court held
that any potential risk of reprisal is diffused when a
majority of the individuals in a class become part of a
suit.  Here, in addition to Jane Doe I-III, Jane Roe I and
II, have filed a civil complaint against the Defendants in
the same Federal Courthouse.  see case 3:09-cv-747-N.
Therefore, 5 of the 7 ex-hostesses in the criminal case have
filed civil actions against Defendants.  Any balancing test
used in <u>Advanced Textile</u> would certainly favor disclose in
this case.

14.  Also, precedent in <u>Southern Methodist Univ. Ass'n of Women</u>

Law Students v. Wynne & Jaffe, 599 F.2d 707, 711 (5th Cir. 1999), warrants disclosure of Plaintiffs' identities.  The central holding in that case required that the threats and risk of retaliation be extraordinary for the identity of a Plaintiff to be withheld.  Circumstances were not extraordinary in Southern Methodist University and they certainly are not here at this stage of the legal proceedings.

15.  The only potential reason for Plaintiffs to conceal their identity is an pt to evade a risk of criminal prosection. Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981).  Meaning, if they are planning on committing perjury; in such a case, by withholding their identity, the Plaintiffs may be able to escape potential criminal liability for their actions. Certainly, Defendants' require the identity of the Plaintiffs to demonstrate the perjurious nature of their testimony, if and when they testify.  Defendants' right to meaningful confrontation is protect by the Constitution. U.S. Const. Sixth Amendment.  Again, this favors full disclosure of the Plaintiffs' identities.

## CONCLUSION

Defendants and the Public have constitutionally protected

interests warranting disclosure of the Plaintiffs' identities. Plaintiffs' have failed to demonstrate any real, immediate, or extraordinary threats that would overcome the presumption of disclosure of Plaintiffs' identities. Accordingly, their motion to proceed anonymously and for closed judicial proceedings of any kind should be denied.

Also, Defendant requests this court to liberally construe the pro se petition and grant any other relief that the Court deems appropriate.

Respectfully Submitted,

----------- *(signature)* -----------

Sung Bum Chang
individually and on behalf of
Club Wa d/b/a Wa Entertainment.Inc.
(Defendants)
Reg. No. 33473-177
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

## CERTIFICATE OF SERVICE

I, Sung Bum Chang, Pro se Defendant, hereby certify that a copy of this motion has been sent with the appropriate First Class postage by depositing it in the FCI Seagoville Institution mailbox ⟶ Day of May, 2009, to:

1.  United States District Court
    Office of the Clerk
    Northern District of Texas, Dallas Division
    1100 Commerce, Room 1452

Dallas, TX 75242-1495.

2.    Luis G. Zambrano, Esq.
      Fulbright & Jaworski L.L.P.
      2200 Ross Ave., Suite 2800
      Dallas, Texas  75201

                          _____
                          Sung Bum Chang

SCRIBED AND SWORN TO BEFORE ME on the 2 ___ Day of May, 2009.


                          _____
                          Notary Service, in and for,
                          State of Texas

My Commission expires on: _____

PAMELA D. EVERETT
My Commission Expires
April 3, 2011
STATE OF TEXAS

7

ATTACHMENT

<u>A</u>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1-3, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-2189-N |
| | § | |
| SUNG BUM CHANG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiffs' motion seeking leave to proceed anonymously [4]. No party has filed any opposition to the motion. Accordingly, the Court grants leave to Plaintiffs to proceed anonymously, without prejudice to reconsideration should any party subsequently oppose the request. The Court denies the balance of relief requested in the motion.

Signed May 8, 2009.

David C. Godbey
United States District Judge

ORDER – SOLO PAGE

ATTACHMENT

<u>B</u>

1  paragraph 51 of the pre-sentence report.  Once again, the

2  key is whether or not the weapon was displayed to

3  intimidate that person.

4      The Court does not believe that the government has

5  carried its burden with respect to this matter.  There is

6  evidence.  However, the Court cannot view the evidence in

7  a vacuum.  Frankly speaking, the statement yes, I have a

8  gun, is too tenuous in the Court's estimation.  It is too

9  slender of a reed to establish that a weapon was displayed

10 in a manner to intimidate a person.

11     Absent more testimony, the Court simply cannot make

12 that finding.  We have the statement.  That statement can

13 be interpreted several different ways.  The Court is fully

14 aware of the context in which this offense took place.

15 Frankly speaking, the statement could have been made to

16 intimidate or could not have been made to intimidate.  The

17 Court simply does not have enough evidence.

18     The Court cannot speculate or add to or guess the

19 meaning of that statement.  Moreover, there is a statement

20 by the Defendant and in light of that statement and in

21 light of the uncertainty in which -- the context of which

22 the statement was made, the Court simply does not have

23 enough to conclude that the government has carried its

24 burden by a preponderance of the evidence.  Therefore, the

25 objection is sustained.  What is the next objection?

SUNG BUM CHANG
REG.NO 33473 - 177
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, Tx 75159 - 9000


May 21 2009

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE - ROOM 1452
DALLAS, TX 75242 - 1495


Dear Clerk of the Court

RE: JANE DOE I - III vs. SUNG BUM CHANG  et al

Case No. 3:08-cv-2189-N


Enclosed please find two(2) copies of a motion titled

" REQUEST FOR RECONSIDERATION OF ORDER ALLOWING PLAINTIFF LEAVE
TO PROCEED ANONYMOUSLY "

Please docket the enclosed motion in the above captioned

case.

Your assistance is greatly appreciated.


Respectfully Signed,

SUNG BUM CHANG
(Defendant)



SUNG BUM CHANG
REG. NO 33473 - 177
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, Tx 75159-9000

CERTIFIED MAIL

7006 0100 0001 6321 6341

RECEIVED
MAY 2 6 2009

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE - room 1452
DALLAS, TX 75242-1495.