UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
Jane Doe I-III
     Plaintiffs,
                                    :
v.                                  :   Civil Action No. 3:08-cv-2189-N
                                    :
Sung Bum Chang                      :
Hyany Kyung Chang                   :
Club Wa, d/b/a                      :
Wa Entertainment, Inc.              :
     Defendants.                    :
```

# REQUEST FOR RECONSIDERATION OF ORDER ALLOWING PLAINTIFFS LEAVE TO PROCEED ANONYMOUSLY

1. Plaintiffs, Jane Doe I - III, through their counsel, filed the said motion seeking leave to proceed anonymously, comtemporaneously with the Original Complaint in this matter.

2. In their motion, the Plaintiffs request the Court's permission to proceed with this action anonymously. Furthermore, the Plaintiffs have withheld their addresses from the Defendants.

3. Defendant, proceeding pro se, humbly requests reconsideration of the order, dated May 8th, 2009, granting

1

"leave to Plaintiffs to proceed anonymously, without prejudice to reconsideration should any party subsequently oppose the request" be reconsidered and denied. (Attachment A).

4. To justify their request, Plaintiffs allege that the Defendants have demonstrated a pattern of aggressive and threatening behavior towards them. They, however, fail to point out a single aggressive act or threat directed at them since April 2005, when criminal charges based on Plaintiffs' allegations were levied against the Defendants.

5. Defendants deny the aggressive and threatening nature of the allegations dating on or before April 2005. Even the United States District Judge Sam Lindsy noted at Defendant Sung Bum Chang's sentencing hearing that there is not sufficient evidence to indicate that he ever displayed/brandished a firearm in a threatening manner. (see Attachement B).

6. Judge Lindsy also ordered that the Defendants' may not contact the Korean Native ex-hostesses. An order that the Defendants have respected and adhered to fully. Certainly, Plaintiffs have not and can not show any violations by Defendants.

7. Furthermore, this makes any potential threat/harm to Plaintiffs impossible because contact between Defendants and

Plaintiffs is already prohibited.

8. No civil liability/damages can ever be greater than imprisonment, something that Defendant Sung Bum Chang is already being subjected to. Despite this, Defendants have not acted out in any way against the Plaintiffs or anyone affiliated to them. This is all the more critical because, Defendants presently have no income, no savings, and extremely limited assets. Thus, any civil damages that may be awarded should Plaintiffs prevail, would likely be inconsequential to the Defendants financial status.

9. Therefore, any <u>remote</u> theoretical risk of potential harm in this case is just that, remote and theoretical. Additionally, it is not any greater in this case than any other case involving civil damages.

10. Opposite to a remote theoretical risk to Plaintiffs is a real, practical prejudice to Defendants and the integrity of the judicial proceedings if the Plaintiffs are allowed to proceed anonymously and/or if the Courtroom is closed to the public for any aspect of the judicial proceedings.

11. Generally, a plaintiff <u>must disclose</u> his or her name in a complaint. <u>Does I - XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1072-3 (9th Cir. 2000). Also, there is a strong, customary presumption of openness in judicial proceedings.

<u>Id</u>. After-all, our Constitution requires it. Certainly, Public interest are best served with open and transparent judicial proceedings.

12. Any potential balancing tests between withholding or disclosing the identity of parties in judicial proceedings here strongly weighs in favor of disclosure.

13. Caselaw warrants disclosure. see <u>Advanced Textile Corp.</u>, supra. That case involved plaintiffs that were continuing their employment and were under control of Advanced Textile Corporation at the time of the lawsuit. Plaintiffs, here in-contrast, are in no way under any control of the Defendants. Therefore, there is no risk of reprisal that can be deflected through withholding the identity of the accusing parties. Furthermore, <u>Advanced Textile</u> Court held that any potential risk of reprisal is diffused when a majority of the individuals in a class become part of a suit. Here, in addition to Jane Doe I-III, Jane Roe I and II, have filed a civil complaint against the Defendants in the same Federal Courthouse. see case 3:09-cv-747-N. Therefore, 5 of the 7 ex-hostesses in the criminal case have filed civil actions against Defendants. Any balancing test used in <u>Advanced Textile</u> would certainly favor disclose in this case.

14. Also, precedent in <u>Southern Methodist Univ. Ass'n of Women</u>

Law Students v. Wynne & Jaffe, 599 F.2d 707, 711 (5th Cir. 1999), warrants disclosure of Plaintiffs' identities. The central holding in that case required that the threats and risk of retaliation be extraordinary for the identity of a Plaintiff to be withheld. Circumstances were not extraordinary in Southern Methodist University and they certainly are not here at this stage of the legal proceedings.

15. The only potential reason for Plaintiffs to conceal their identity is an pt to evade a risk of criminal prosecution. Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). Meaning, if they are planning on committing perjury; in such a case, by withholding their identity, the Plaintiffs may be able to escape potential criminal liability for their actions. Certainly, Defendants' require the identity of the Plaintiffs to demonstrate the perjurious nature of their testimony, if and when they testify. Defendants' right to meaningful confrontation is protect by the Constitution. U.S. Const. Sixth Amendment. Again, this favors full disclosure of the Plaintiffs' identities.

## CONCLUSION

Defendants and the Public have constitutionally protected

interests warranting disclosure of the Plaintiffs' identities. Plaintiffs' have failed to demonstrate any real, immediate, or extraordinary threats that would overcome the presumption of disclosure of Plaintiffs' identities. Accordingly, their motion to proceed anonymously and for closed judicial proceedings of any kind should be denied.

Also, Defendant requests this court to liberally construe the pro se petition and grant any other relief that the Court deems appropriate.

Respectfully Submitted,

_____
Hyang Kyung Chang, individually,
(Defendant)
565 West Oates Rd., #166
Garland, TX 75043


CERTIFICATE OF SERVICE

I, Hyang Kyung Chang, Pro se Defendant, hereby certify that a copy of this motion has been sent with the appropriate First Class postage by depositing it in the Garland Post Office on the ____ Day of May, 2009, to:

1. United States District Court
   Office of the Clerk
   Northern District of Texas, Dallas Division
   1100 Commerce, Room 1452
   Dallas, TX 75242-1495.

2. Luis G. Zambrano, Esq.

Fulbright & Jaworski L.L.P.
2200 Ross Ave., Suite 2800
Dallas, Texas  75201

_[signature]_
Hyang Kyung Chang

SCRIBED AND SWORN TO BEFORE ME on the 3 Day of June ~~May~~, 2009.

[Notary seal: PATRICK DAMIAN KOPP, Notary Public, State of Texas, My Comm. Expires Dec. 4, 2012]

_[signature]_
Notary Service, in and for,
State of Texas

My Commission expires on:  12-4-12

ATTACHMENT

A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1-3, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:08-CV-2189-N |
| SUNG BUM CHANG, et al., | § § § | |
| Defendants. | § § | |

### ORDER

This Order addresses Plaintiffs' motion seeking leave to proceed anonymously [4]. No party has filed any opposition to the motion. Accordingly, the Court grants leave to Plaintiffs to proceed anonymously, without prejudice to reconsideration should any party subsequently oppose the request. The Court denies the balance of relief requested in the motion.

Signed May 8, 2009.

_____
David C. Godbey
United States District Judge

ORDER – SOLO PAGE

99

1  paragraph 51 of the pre-sentence report.  Once again, the
2  key is whether or not the weapon was displayed to
3  intimidate that person.
4      The Court does not believe that the government has
5  carried its burden with respect to this matter.  There is
6  evidence.  However, the Court cannot view the evidence in
7  a vacuum.  Frankly speaking, the statement yes, I have a
8  gun, is too tenuous in the Court's estimation.  It is too
9  slender of a reed to establish that a weapon was displayed
10 in a manner to intimidate a person.
11     Absent more testimony, the Court simply cannot make
12 that finding.  We have the statement.  That statement can
13 be interpreted several different ways.  The Court is fully
14 aware of the context in which this offense took place.
15 Frankly speaking, the statement could have been made to
16 intimidate or could not have been made to intimidate.  The
17 Court simply does not have enough evidence.
18     The Court cannot speculate or add to or guess the
19 meaning of that statement.  Moreover, there is a statement
20 by the Defendant and in light of that statement and in
21 light of the uncertainty in which -- the context of which
22 the statement was made, the Court simply does not have
23 enough to conclude that the government has carried its
24 burden by a preponderance of the evidence.  Therefore, the
25 objection is sustained.  What is the next objection?

ATTACHMENT

<u>B</u>

Hyang Kyung Chang
565 West Oates Rd #166
Garland TX 75043

May 21 2009

United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce Room-1452
Dallas Tx 75242 - 1495

Dear Clerk of the Court

RE: Jane Doe I - III vs. Hyang Kyung Chang et al
Case No. 3:08-cv-2189-N

Enclosed please find two(2) copies of a motion titled "Request for Reconsideration of order allowing plaintiff leave to proceed anonymously"

Please docket the enclosed motion in the above captioned case.

Your assistance is greatly appreciated.

Respectfully Signed.

Hyang Kyung Chang
(Denfendant pro-se)






UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE - room 1452
DALLAS, Tx 75242-1495

HYANG KYUNG CHANG
565 West Oates Rd #166
Garland, Tx 75043

JUN - 4 2009

CERTIFIED MAIL
7006 0100 0001 6321 9358