IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1-3,<br>　　Plaintiffs | § § § § § | |
| v. | § § § | Civ. Action. No. 3:08-CV-02189 |
| SUNG BUM CHANG, et al.,<br>　　Defendant. | § § § § § | |

---

**DEFENDANT'S SUPPLEMENTAL REPLY URGING RECONSIDERATION OF THE COURT'S DECISION TO ALLOW PLAINTIFFS' TO PROCEED ANONYMOUSLY**

---

Defendant, Sung Bum Chang, submits the following reply in support for the Defendants' motion to reconsider allowing plaintiffs' to proceeds anonymously. Plaintiffs do not object to this supplemental reply.

I.

ARGUMENT

A. Plaintiffs' legal argument regarding an involuntary plea agree are without merit.

Plaintiffs demonstrate a clear misunderstanding of the Fifth Circuit legal precedent on the issue of voluntariness of a plea agreements. The law in this Circuit states that a criminal defendant may successfully challenge the voluntariness of a plea agreement, despite declarations in open court. See <u>United States</u>

v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Certainly, a testament to the merits of Defendant's claim of involuntariness of the plea agreement is that the Court has granted an evidentiary hearing in the matter. Plaintiffs wish to impose a self-fulfilling, skewed legal doctrine on this issue. Under their reading, no plea agreement ever could be involuntary. Similarly, even a coerced, involuntary confession will remain material evidence. Such a view of our system of justice is grossly incorrect because it punishes the innocent rather than the guilty.

Plaintiffs here are simply trying to by-pass their burden of demonstrating a civil wrong. Rather, they are hoping and praying for "quick cash." Defendants simply are trying to uphold the legal standards to ensure justice. Defendants' here are simply seeking an opportunity to confront their accuser and for an opportunity to demonstrate their innocence in a fair and public trial. Plaintiffs seek to deny Defendants this fundamental right.

B.  Plaintiffs attempts to recharacterize Defendant's offense of conviction is baseless.

Plaintiffs aim to rely on irrelevant, tangential State Department reports on human trafficking law violations to cast an unduly prejudicial effect on Defendants. Even if Defendant's

plea was knowing and voluntary (which it is not), the Plaintiffs' reliance on such reports would be baseless. Plaintiffs wish to substitute general category of offense ("Chapter 7") for actual elements of the offense. Such attempts must fail because they are plainly invalid. It is axiomatic that the elements of the offense may not be substituted by extrinsic factors. Accordingly, any attempts to cast unduly prejudicial effects based on purely extrinsic, tangential facts must be guarded against to ensure justice.

C.  Plaintiffs should be compelled to submit their affidavits.

Plaintiffs plainly relied on the excuse of needing time to produce affidavits to secure an extension to filing a response. Plaintiffs should be held to their claims. Furthermore, such affidavits need to be part of the public record and defendants deserve an opportunity to rebut the allegations contained within them. Our adversarial system of justice allows for nothing less.

Defendants concede that if the affidavits were submitted without redaction, it would render any later court ordered permission to proceed anonymously meaningless. An alternative, however, exists. Plaintiffs' affidavits may be submitted with their initials rather than their names, as was the case during the sister criminal proceedings. In such an event, Plaintiffs' counsel should have to provide an affidavit that the Plaintiffs

are among the 7 Korean hostesses that were involved in the criminal case against the defendants.

## II.
## CONCLUSION

Defendants assert that Plaintiffs arguments in their response lack legal merit. Defendants simply request that the Plaintiffs be required to carry their burden of proof in open, transparent, and public legal proceedings where Defendants have an opportunity to confront their accusers. Accordingly, Plaintiffs should be required to provide their identities.

Respectfully Submitted,

_____
Sung Bum Chang
Reg. No. 33473-177
FCI Seagoville
P.O. Box 9000
Seagoville, TX  75159

## Certificate of Service

I, Sung Bum Chang, duly swear that on the 12th day of August, 2009, I caused a copy of the foregoing motion to be served on the plaintiffs' counsel at Fulbright & Jaworski, LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201, by depositing it at the FCI Seagoville institutional mailbox with first-class prepaid postage affixed.

Sung Bum Chang

## Notary Service

SCRIBED AND SWORN to before me on this 12th day of August, 2009.

NOTARY SERVICE IN AND FOR STATE OF TEXAS

My comission expires on:



PAMELA D. EVERETT
My Commission Expires
April 3, 2011

```
                                        SUNG BUM CHANG
                                        Reg. # 33473-177
                                        FCI Seagoville
                                        P.O. Box 9000
                                        Seagoville, Texas 75159
```

August 10th, 2009

Office of the Clerk
United States Distict Court
Northern District of Texas
1100 Commerce - Rm. 1452
Dallas, TX 75242-1495

Dear Clerk of the Court:

      RE:  JANE DOES 1-3 V. SUNG BUM CHANG, et al.
            Civil Action No. 3:08-CV-02189-N

    Please docket the enclosed "Defendant's supplemental reply urging reconsideration of the Court's decision to allow Plaintiffs to proceed anonymously" brief in the above captioned case.

    Once filed, please appropriately stamp the second copy as "filed" and return in the enclosed self-addressed and stamped envelope.

    I thank you in advance for your diligent efforts. Should you require any additional information from me, please feel free to contact me at the above address.

                                      Respectfully Submitted,

                                      Sung Bum Chang
                                      Pro se Petitioner





RECEIVED
AUG 14 2009

UNITED STATES DISTRICT CLERK
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE - ROOM 1452
DALLAS, TX 75242 - 1495



SUNG BUM CHANG
REG.No 33473-177
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
SEAGOVILLE, TX 75159-9000