IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1-3, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-2189-N |
| | § | |
| SUNG BUM CHANG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants' motions for reconsideration [17, 18] of this Court's order granting leave to Plaintiffs to proceed anonymously [16]. The Court holds that Jane Does 1-3 (the "Does") may proceed anonymously on the record, but must disclose their identities to the Defendants.[1] The Court defers judgment with respect to the Does' request to close any judicial proceedings to the public. Thus, it grants in part and denies in part the motions.

## I. ORIGINS OF THE DOES' CLAIMS

This case arises out of an alleged illegal trafficking and forced labor scheme by S.B. Chang and his wife, H.K. Chang (the "Changs"). S.B. Chang pled guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and one count of forced labor in violation of

---

[1]The Court denies S.B. Chang's motion to suppress the Does' response [22]. It notes that the Does sent him copies of the unpublished case authority it cited by first class mail.

18 U.S.C. § 1589.[2] Plea Agreement, Criminal Action No. 3:05-CR-127-L [61].[3] On appeal, the Fifth Circuit upheld S.B. Chang's sentence of 120 months of imprisonment, three years of supervised release, restitution, and a special assessment fee. *United States v. Chang*, 237 Fed. App'x 985 (5th Cir. 2007). In so doing, the Fifth Circuit described the operation as follows:

> Chang owned a club in Coppell, Texas, called Club Wa which was frequented by Korean businessmen and other Korean nationals. Chang coordinated with other members of the human trafficking network and paid the smuggling debts of the women whom he received through it. The women were required to live at his house and work at his club until they repaid their debts. Chang held the women's passports. He also executed contracts requiring them to repay their smuggling debts. The women needed Chang's permission to leave the house, which was equipped with a video surveillance system to monitor their entries and departures. One woman escaped from the house by leaping from a second story window and eventually contacted law enforcement. Chang's wife, Hyang Kyung Chang, collaborated in the scheme. Under Chang's direction, she helped supervise the women at their home, and she worked at Club Wa. Chang enlisted the support of employees at Club Wa to transport the women, and escorts monitored the women's movements. Chang fined the women for violating his rules, adding the fines to their debts. Between fifty and sixty women lived in Chang's home under similar arrangements between 2003 and 2005.

*Id.* at 986.

---

[2] S.B. Chang now asserts that his plea agreement was not knowing and voluntary. Def.'s Mot. to Suppress Pls.' Response [22] at 2. The Court declines to address this issue as it is not before it. Further, it notes that the existence and voluntariness of S.B. Chang's plea agreement does not impact the outcome of the anonymity inquiry addressed below.

[3] In addition, H.K. Chang pled guilty to aiding and abetting the employment of unauthorized aliens. Plea Agreement, Criminal Action No. 3:05-CR-127-L [21-2].

The Does purport to be three such women. They seek civil damages for violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589, 1595, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Alien Tort Claims Act, 28 U.S.C. § 1350, and various provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

The Does filed a motion to proceed anonymously [4] on May 8, 2009. Based on their fear of retaliation and disclosure of the private details surrounding their claims, the Does requested that the Court permit them to: (1) file the action anonymously; (2) withhold their names and addresses from the Changs; and (3) exclude the public from any court proceedings in which they make a personal appearance. Pl.'s Mot. Seeking Leave to Proceed Anonymously [4] at 1. After receiving no response from the Changs, this Court granted the motion without prejudice to reconsideration. Order of May 8, 2009 [16] at 1. Acting *pro se*, the Changs now ask this Court to reconsider its ruling because they will suffer prejudice throughout the judicial process if the Does continue to proceed anonymously. For the reasons described below, the court grants in part and denies in part the Changs' request. Although the Does may proceed anonymously on the record, they must disclose their names to the Changs.

## II. THE PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS

In general, a plaintiff must disclose his name on the complaint he files with the court. *See* FED R. CIV. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties . . ."); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *S. Methodist Univ.*

*Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Stegall*, 653 F.2d at 185 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)).

Despite this general rule, courts allow plaintiffs to proceed anonymously under special circumstances. "'Where the issues involved are matters of a sensitive and highly personal nature' . . . the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). The court must weigh "considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings," in determining whether plaintiffs may proceed anonymously. *Stegall*, 653 F.2d at 185-86. Anonymity is appropriate "only in those exceptional cases where the need for [it] overwhelms the presumption of disclosure mandated by procedural custom." *Doe v. Eason*, Civil Action No. 3:09-CV-2454, 1999 WL 33942103, at *2 (N.D. Tex. Aug. 4, 1999) (citing *Stegall*, 653 F.2d at 185). The balancing of these interests lies within the discretion of the district court. *See Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

Although there is no hard and fast rule for courts to follow when determining whether anonymity is appropriate, courts in the Fifth Circuit generally look to three factors. *See*

ORDER – PAGE 4

*Stegall*, 653 F.2d at 185. They are: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compelled plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff was compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution. *See id.* at 185; *Wynne & Jaffe*, 599 F.2d at 712-13; *Rose*, 240 F.R.D. at 266. Courts give these factors "considerable weight." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *Wynne & Jaffe*, 599 F.2d at 713); *see Stegall*, 653 F.2d at 186. In addition to these factors, courts evaluate a range of other considerations in light of the attendant facts and circumstances of the case. These include a plaintiff's fear of harassment and violent reprisals, a plaintiff's age and related vulnerability, and the prejudicial impact of a plaintiff's anonymity on the defendant. *See, e.g.*, *Stegall*, 653 F.2d at 186, *Rose*, 240 F.R.D. at 266. In sum, a judge should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323.

### III. THE DOES MAY PROCEED ANONYMOUSLY, BUT MUST DISCLOSE THEIR IDENTITIES TO THE CHANGS

In deciding whether the Does may proceed anonymously, the Court considers all of the facts and circumstances at issue in the case. Here, the Does are not suing to challenge government activity, nor are they at risk of criminal prosecution. Thus, the following considerations remain: whether prosecution of the suit compels the Does to disclose intimate information; whether the Does have a legitimate fear of harassment or violent reprisals;

whether the Does are particularly vulnerable; and the prejudice that an anonymous proceeding will impose on the Changs.

### A. *Prosecution of the Suit Compels the Does to Disclose Intimate Information*

Party anonymity may be appropriate in cases "where the issues involved are matters of a sensitive and highly personal nature." *Wynne & Jaffe*, 599 F.2d at 712. However, "the fact that a party might suffer some personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym." *Rose*, 240 F.R.D. at 267 (citing *Frank*, 951 F.2d at 324). For instance, some courts hold that victims of sexual assault seeking civil damages may not proceed anonymously despite the private nature of their claim. *See id.* at 269; *Doe v. Del Rio*, 241 F.R.D. 154, 159-60 (S.D.N.Y. 2006); *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y 1996); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995); *Doe v. University of R.I.*, Civil Action No. 93-0560B, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993).

Here, the Does claim to be victims of a human trafficking and forced labor scheme. According to the Does' complaint and affidavits, the Changs held them captive, compelled them to work as "hostesses" in an area nightclub, and subjected them to various kinds of physical, sexual, and emotional abuse. Compl. [1] at 4-11; Pls.' Affs. [28-2] at 2-12. The details surrounding these allegations are highly personal. *See Wynne & Jaffe*, 599 F.2d at 712-713. The Does fear that public disclosure of their identities will subject them to humiliation and severe ostracization from their families and the Korean community in North Texas. Does' Affs. [28-2] at 4, 7-8, 11-12. Considering the private nature of these

allegations, the Court finds that this weighs in favor of anonymity. However, it does not, by itself, resolve the question.

### *B. The Does Fear Harassment and Violent Reprisal If Their Identities Are Disclosed*

Courts also weigh potential threats of harassment and violence in deciding whether a plaintiff may use a pseudonym. *Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity. But the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining the Does' anonymity, tip the balance against the customary practice of judicial openness."); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 1999); *Rose*, 240 F.R.D. at 266.

The Does express a fear of physical harm and harassment if their identities are revealed. Pls.' Affs. [28-2] at 2-4, 6-8, 11-12. In support of this point, the Does describe Sung Bum Chang's allegedly threatening activity during the course of their alleged captivity, such as brandishing a gun, beating one of the women, and boxing in front of them. *Id.* The Does assert that this is sufficient evidence to show that a reasonable person could conclude that the Changs might "carry out threats made while the women were held captive." Pls.' Resp. [21] at 12. Without diminishing the existence of Does' fears that S.B. Chang himself might cause them harm, the Court finds that the realization of these fears is unlikely. S.B. Chang is currently incarcerated, serving a sentence of 120 months of imprisonment and three years of supervised release. *United States v. Chang*, 237 Fed. App'x 985, 986 (5th Cir.

2007). Thus, he is likely to remain in the custody of the Bureau of Prisons throughout the duration of this case.

However, the Does also assert that they are afraid that the Changs' associates in the area may harass or harm them. Pls.' Affs. [28-2] at 2-4, 6-8, 11-12. Each of the Does fear that the Changs' family and their associates in the alleged human trafficking scheme will find and retaliate against them if their identities are disclosed. *Id*. One of the Does alleges that, before the criminal prosecution of Sung Bum Chang, a Taekwondo master associated with Sung Bum Chang warned her not to testify. *Id.* at 3-4. Considering the allegedly dangerous and threatening nature of the human trafficking scheme, the Court finds that these reasonable fears weigh in favor of anonymity.

### *C. The Does Are Somewhat, Though Not Especially Vulnerable*

Courts also consider a plaintiff's vulnerability in determining whether anonymity is appropriate. *Stegall*, 653 F.2d at 186 ("The gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs . . . [W]e view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here."); *Eason*, 1999 WL 33942103, at *3. Many Courts distinguish between minors and adults in the course of this inquiry. *See, e.g.*, *Stegall*, 653 F.2d at 186 ("A final factor we find especially persuasive is the fact that plaintiffs are children."); *Eason*, 1999 WL 33942103, at *3 ("Because a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of a

party's identity."); *see also Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 652 (S.D. Tex. 1996) (looking to a plaintiff's age in the context of a constitutional challenge to various religious practices in a public school).

The Does were allegedly smuggled into the country as illegal aliens and forced to work in compromising positions, with little or no access to the outside world. This alleged history suggests some vulnerability on their part. But a traumatic history, taken alone, is insufficient to support the use of a pseudonym. *See, e.g.*, *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). These women are not minors, nor do they lack any particularized resources available to similarly situated plaintiffs. Although the Does speak little or no English, their language barrier by itself does not suggest vulnerability that is distinguishable from the many other non-English speaking plaintiffs before the Court. Thus, the Court recognizes that the Does are vulnerable plaintiffs in some respects, but it finds that this factor tips the scale ever so slightly toward anonymity.[4]

---

[4]In S.B. Chang's criminal proceeding, Judge Lindsay added a two-point vulnerable victim enhancement to S.B. Chang's offense level under U.S.S.G. § 3B1.1(a) (2005). The Fifth Circuit affirmed the enhancement, in part, because the district court made specific findings about the vulnerability of a particular victim, GHH, who came from an impoverished background, spoke little English, and was an illegal alien when smuggled into the United States. *Chang*, 237 Fed. App'x 985, 988 (5th Cir. 2007). While this Court recognizes that the Does may have been similarly situated to this individual, it notes that the vulnerability inquiry in this distinct context presents a different question. It looks not to the vulnerability of the victim at the time of the alleged offense, but rather to the vulnerability of the victim at the time of the civil proceedings. *See Stegall*, 653 F.2d at 186.

### *D. There Is A Substantial Risk of Prejudice to the Changs*

Defendants face a substantial risk when a Court departs from the general presumption of openness in judicial proceedings. "[T]he mere filing of a civil lawsuit can have significant effects on a defendant." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) (citing *Wynne & Jaffe*, 599 F.2d at 713; *Frank*, 951 F.2d at 323-23; *Shakur*, 164 F.R.D. at 361 n.1)). "The public charges included in a civil lawsuit can cast a shadow over the defendants' reputation until the case is resolved, leading to adverse publicity and the forced disclosure of certain public information that the defendants might prefer to keep private." *Rose*, 240 F.R.D. at 267. Anonymous proceedings may require a defendant to defend himself "in the public arena while [the anonymous plaintiff] could hurl accusations at them from behind 'a cloak of anonymity.'" *Id.* at 267-68 (quoting *Shakur*, 164 F.R.D. at 361). Although the Court recognizes the risks to the defendant associated with an anonymous proceeding, it finds that the combined weight of the factors discussed above – the Does' disclosure of private details, fear of retaliation, and vulnerability – weigh in favor of the use of a pseudonym on the record.

However, in addition to anonymity on the record, the Does also seek to avoid disclosure of their identities to the Changs. This element of the Does' request would prejudice the Changs so severely as to outweigh the aforementioned factors. The Does make very serious, very public accusations against the Changs. Without any information about the Does' identity, the Changs' ability to mount an adequate defense will be greatly impaired. Such a limitation would curtail their ability to conduct adequate discovery, evaluate the

Does' standing to raise a claim, cross-examine the Does at trial, and identify witnesses to present evidence in their defense. The parties do not cite and the Court is not aware of a case in the Fifth Circuit expressly allowing a plaintiff to both proceed anonymously on the record and to withhold her name from a defendant.[5] It declines to do so here. The Court will, however, order certain protections to ensure that the Changs do not disclose the Does' true identities at any point during or after the pendency of these proceedings. This will mitigate the Does' potential embarrassment due to the intimate details involved or risk of reprisal from the Changs' alleged associates who remain at-large.

### *E. The Court Defers Judgment on Whether Court Proceedings Will Be Closed*

The Does also seek to exclude the public from any court proceedings at which they make an appearance. On this issue, the Court defers its ruling. Closure of a judicial proceedings is subject to a complex body of law that neither party presents to the Court. *See Richmond Newspapers*, 448 U.S. (holding that the First Amendment guarantees the public a right of access to criminal proceedings); *Stegall*, 653 F.2d at 185 (citing *Richmond Newspapers* for the proposition that a plaintiff proceeding anonymously in a civil case implicates the First Amendment guarantee of "public scrutiny of judicial proceedings"); *Santa Fe*, 933 F. Supp. at 650-53 (concluding based on *Richmond Newspapers* and *Stegall* that "the right of the public to attend civil trials is grounded in the First Amendment as well

---

[5] Many Courts have not addressed this issue because the plaintiffs seeking to proceed anonymously previously agreed to disclose their identities to the defendants and the Court. *See, e.g.*, *Stegall*, 653 F.2d at 182 (plaintiffs agreed to disclose their identities to defendants and the court); *Doe v. Santa Fe Independent School District*, 933 F. Supp. 647, 648 (S.D. Tex. 1996) (plaintiffs voluntarily disclosed their identities to the attorneys of record).

as the common law" and applying a strict scrutiny test). Furthermore, there are less drastic mechanisms that the Court could utilize that would leave the proceedings open to at least some public scrutiny. *See, e.g.*, *Santa Fe*, 933 F. Supp. at 652-53 (allowing media personnel to attend trial). If and when the Does anticipate a hearing or trial, they may reraise their request for closed proceedings and present appropriate mitigating measures to the Court for its review.

## CONCLUSION

For the reasons provided above, the Court grants the Changs' motions for reconsideration in part, in that it requires the Does to disclose their true identities to the Changs. The Court defers its judgment on whether any in-court judicial proceedings will be open to the public.

The Court orders the Changs not to reveal the true identities of the Does at any time, either during or after the course of these proceedings, to any individual other than their retained counsel, if any. The Changs must refer to the Does by the pseudonyms "Doe 1," "Doe 2," and "Doe 3" in any papers filed with this Court. The Changs are not entitled to discovery of the Does' addresses or current whereabouts. The Changs are ordered to use the identities of the Does only for the purpose of defending this action. The Changs are ordered not to attempt to communicate with the Does, directly or indirectly, except through the Does' counsel. The Changs are ordered not to intimidate or threaten the Does, either directly or through one or more intermediaries. The Court will address any violation of this order as contempt of court.

Signed February 9, 2010.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 13