**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE DOES 1-3,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CIV. ACTION NO. 3:08-CV-02189 |
| | § | |
| **SUNG BUM CHANG, HYANG KYUNG CHANG, AND CLUB WA d/b/a/ WA ENTERTAINMENT, INC.,** | § § § | |
| | § | |
| **Defendants.** | § | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR, ALTERNATIVELY, MOTION TO DEEM ALLEGATIONS IN THE COMPLAINT ADMITTED**

On this day, the Court considered Plaintiff's Motion for Default Judgment or, Alternatively, Motion to Deem Allegations in the Complaint Admitted. The Clerk of the Court entered default on August 31, 2010. The Court, having considered the Motion, the attached exhibits, and all pleadings on file in this case is of the opinion that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

The allegations of Plaintiff's Complaint and the Motion for Default Judgment or, Alternatively, Motion to Deem Allegations in the Complaint Admitted are accepted as true;

As to the First Claim for Relief, Defendants Sung Bum Chang, Hyang Kyung Chang and Club Wa d/b/a Wa Entertainment, Inc. violated the Trafficking Victims Protection Reauthorization Act (TVPRA) by the following actions: knowingly providing or obtaining the labor or services of a person by threats of serious harm to, or physical restraint against, that person or another person; by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person

did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or and by means of the abuse or threatened abuse of law or the legal process;

As to the Second Claim for Relief, during all relevant times, Defendants Sung Bum Chang and Hyang Kyung Chang engaged in a pattern of racketeering activity composed of the following predicate acts set forth in RICO, 18 U.S.C. § 1961(1)(B) and (F): trafficking in persons in violation of 18 U.S.C. §§ 1589, 1594; extortion in violation of 18 U.S.C. § 1951; wire fraud in violation of 18 U.S.C. § 1343; and harboring of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Defendants engaged in the collection of an unlawful debt by forcing Plaintiffs and others to pay off their "smuggling debts" incurred to transport Plaintiffs and others illegally into the United States. Through this pattern of racketeering activity and the collection of unlawful debts, Defendants received income from Plaintiffs and others, directly and indirectly, through the use of forced labor and the extortion of Plaintiffs' property. At all relevant times, Defendants were acting as principals as defined in 18 U.S.C. § 2 in connection with the pattern of racketeering activity and collection of unlawful debts by aiding, abetting, counseling, commanding, inducing and procuring the commission of offenses against the United States. Defendants used the income derived from the pattern of racketeering activity and collection of unlawful debts to operate an enterprise—Club Wa d/b/a Wa Entertainment, Inc.—that was engaged in, or the activities of which affect, interstate or foreign commerce. As a result of Defendants' acts, Plaintiffs have suffered an injury in their property and, therefore, are entitled to the remedies set forth in 18 U.S.C. § 1964(c).

As to the Third Claim for Relief, during all relevant times, Defendants Sung Bum Chang and Hyang Kyung Chang engaged in a pattern of racketeering activity composed of the following predicate acts set forth in RICO, 18 U.S.C. § 1961(1)(B) and (F): trafficking in persons in violation of 18 U.S.C. §§ 1589, 1594; extortion in violation of 18 U.S.C. § 1951; wire fraud in violation of 18 U.S.C. § 1343; and harboring of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Defendants

engaged in the collection of an unlawful debt by forcing Plaintiffs and others to pay off their "smuggling debts" incurred to transport Plaintiffs and others illegally into the United States. Through this pattern of racketeering activity and the collection of unlawful debts, Defendants maintained an interest in and control of an enterprise—Club Wa—that was engaged in activities affecting interstate or foreign commerce in violation of 18 U.S.C. § 1962(b). As a result of Defendants' acts, Plaintiffs have suffered an injury in their property and, therefore, are entitled to the remedies set forth in 18 U.S.C. § 1964(c).

As to the Fourth Claim for Relief, during all relevant times, Defendants Sung Bum Chang and Hyang Kyung Chang engaged in a pattern of racketeering activity composed of the following predicate acts set forth in RICO, 18 U.S.C. § 1961(1)(B) and (F): trafficking in persons in violation of 18 U.S.C. §§ 1589, 1594; extortion in violation of 18 U.S.C. § 1951; wire fraud in violation of 18 U.S.C. § 1343; and harboring of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Defendants engaged in the collection of an unlawful debt by forcing Plaintiffs and others to pay off their "smuggling debts" incurred to transport Plaintiffs and others illegally into the United States. Defendants were at all relevant times associated with an enterprise—Club Wa—that was engaged in, and whose activities did affect, interstate and foreign commerce. Defendants operated the enterprise through a pattern of racketeering activity consisting of multiple acts of racketeering activity and through the collection of unlawful "smuggling debts" from Plaintiffs in violation of 18 U.S.C. § 1962(c). As a result of Defendants' acts, Plaintiffs have suffered an injury in their property and, therefore, are entitled to the remedies set forth in 18 U.S.C. § 1964(c).

As to the Fifth Claim for Relief, during all relevant times, Defendants Sung Bum Chang and Hyang Kyung Chang engaged in a pattern of racketeering activity composed of the following predicate acts set forth in RICO, 18 U.S.C. § 1961(1)(B) and (F): trafficking in persons in violation of 18 U.S.C. §§ 1589, 1594; extortion in violation of 18 U.S.C. § 1951; wire fraud in violation of

18 U.S.C. § 1343; and harboring of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). Defendants engaged in the collection of an unlawful debt by forcing Plaintiffs and others to pay off their "smuggling debts" incurred to transport Plaintiffs and others illegally into the United States. At all relevant times, Defendants conspired with others to receive income derived, directly or indirectly, from a pattern of racketeering activity and through collection of an unlawful debt in which Defendants participated as principals. Defendants used such income to operate an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a). At all relevant times, Defendants conspired with others to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity and the collection of an unlawful debt, in violation of 18 U.S.C. § 1962(b). At all relevant times, Defendants conspired with others to conduct and participate in said RICO enterprise through a pattern of racketeering activity and the collection of an unlawful debt, in violation of 18 U.S.C. § 1962(c). These acts resulted in the violations 18 U.S.C. § 1962(d). As a result of Defendants' acts, Plaintiffs suffered an injury in their property as and, therefore, are entitled to the remedies set forth in 18 U.S.C. § 1964(c).

As to the Sixth Claim for Relief, during all relevant times, Plaintiffs provided services for Defendants Sung Bum Chang, Hyang Kyung Chang and Club Wa d/b/a Wa Entertainment, Inc. and at all relevant times were employees of Defendants, as defined by the Fair Labor Standards Act (FLSA). Plaintiffs were held in conditions of forced labor as hostesses at Club Wa d/b/a Wa Entertainment, a business owned and operated by Defendants Sung Bum Chang and Hyang Kyung Chang. Plaintiffs were forced to work as many as eight hours per day for six or seven days per week in return for "wages" that were retained by the Changs to pay off their "debts". During the period of time that Plaintiffs were employed by Defendants, they performed work for which they were not compensated and overtime work for which no additional compensation was paid to them by

Defendants. Rather, Defendants charged Plaintiffs varying amounts to pay off debts that they claimed were owed for food, rent, and other debts. The payment of these so-called "debts" drastically reduced Plaintiffs' compensation. Defendants violated 29 U.S.C. § 206(a) by failing to pay Plaintiffs the applicable minimum wage for every compensable hour of labor they performed. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty hours in each workweek. Defendants' failures to pay Plaintiffs the federally-mandated hourly minimum wage and the federally-mandated overtime wage rate for all time they were employed in excess of forty hours in a workweek were willful and knowing violations of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, should have known, or showed reckless disregard for the FLSA's minimum wage and overtime provisions applicable to Plaintiffs and willfully, intentionally, and without good faith violated these laws. As a result of Defendants' willful violations of the FLSA, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover their unpaid minimum and overtime wages, an additional equal amount in liquidated damages, and their reasonable attorneys' fees and costs.

As to the Seventh Claim for Relief, during all relevant times, Defendants Sung Bum Chang, Hyang Kyung Chang and Club Wa d/b/a Wa Entertainment, Inc. obtained Plaintiffs' labor through legal, psychological and other means of coercion intended to cause Plaintiffs and others to believe that they would suffer serious harm if they did not continue to work for Defendants. Through such actions, Defendants committed the torts of involuntary servitude and forced labor in violation of treaties of the United States and specific, obligatory and universally accepted norms of international human rights law, including: (1) the Universal Declaration of Human Rights; Article 8 of the International Covenant on Civil and Political Rights; (2) Articles 2 and 4 of the Convention Concerning Forced or Compulsory Labour; (3) Article 2 of the Convention (No. 105) Concerning

the Abolition of Forced Labour; (4) Article 7 of the International Covenant on Economic, Social and Cultural Rights; (5) Article 6 of the American Convention on Human Rights; (6) Article 7 of Additional Protocol to the American Convention on Human Rights in the Area of Economic, Social and Cultural Rights ("Protocol"); (7) Articles 6 and 11 of the Convention on the Elimination of All Forms of Discrimination Against Women; (8) Articles 2 and 3 of the Declaration on the Elimination of Violence Against Women; and (9) Articles 5, 6 and 8 of the Declaration on the Human Rights of Individuals Who Are Not Nationals of the Country in Which They Live.  Each of these international treaties described above have widespread acceptance in the international community.  Moreover, the treaties establish *jus cogens* norms that, when violated, give rise to liability under the Alien Tort Claims Act, including international norms against compulsory or forced labor.  Plaintiffs suffered injury as a result of Defendants' actions and are entitled to compensatory damages at an amount to be determined.  Additionally, because Defendants willfully and knowingly violated U.S. treaties and other international norms by engaging in trafficking with the goal of forcing Plaintiffs and other Korean nationals to work under conditions of duress, intimidation and fear.  Plaintiffs are therefore entitled to punitive damages at an amount to be determined.

Plaintiffs are hereby awarded judgment against Defendants on their Claims for Relief, with damages to be determined at trial.

SignedSeptember 20, 2010.

_____
David C. Godbey
United States District Judge