IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1-3, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIV. ACTION NO. 3:08-CV-02189 |
| | § | |
| SUNG BUM CHANG, HYANG KYUNG CHANG, AND CLUB WA d/b/a/ WA ENTERTAINMENT, INC., | § § § § | |
| | § | |
| Defendants. | § | |

## MOTION FOR CONTINUANCE REGARDING TRIAL SETTING

Plaintiffs file this Motion for Continuance Regarding Trial Setting ("Motion") and respectfully show the Court as follows:

### I.
### BACKGROUND

1. This action arose from Defendant's violations of the Trafficking Victims Protection Act and other federal statutes. As part of Defendants' illegal scheme, Plaintiffs were smuggled into the country illegally and forced to work at Club Wa for Defendants Sung Bum Chang and Hyang Kyung Chang.

2. In connection with this case, on March 31, 2010, this Court set a bench trial for its one-week docket on March 14, 2011. (Dkt. # 36.). The Court also set a deadline of Saturday, February 11, 2011, for the parties to file all pretrial materials, including: (a) a pretrial order pursuant to LR 16.4; (b) exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); (c) proposed jury charge pursuant to LR 51.1 or proposed findings of fact and conclusions of law pursuant to LR 52.1; (d) motions in limine; (e) requested voir dire questions.

3. Subsequently, on September 9, 2010, Plaintiffs filed a Motion for Default Judgment against all Defendants. (Dkt. # 42.). That Motion was granted by the Court on September 20, 2010, and the Court granted a default judgment on all of Plaintiffs' causes of action. (Dkt. # 46.). This left Plaintiffs' damages as the only issue remaining to be tried.

4. On November 2, 2010, Defendant Sung Bum Chang filed a Notice of Interlocutory Appeal to the Fifth Circuit seeking to overturn the default judgment. (Dkt. # 47.).

5. The interlocutory appeal was ultimately dismissed by the Fifth Circuit on February 7, 2011. (Dkt. # 48). The basis of the dismissal was that Mr. Chang failed to pay the appropriate filing fee.

## II.
## BASIS OF THE MOTION

6. By their Motion, Plaintiffs request that this Court reset the bench trial in this matter for the first available trial setting in August 2011. Additionally, Plaintiffs request that this Court reset the deadlines for the parties to file dispositive motions and pre-trial materials in accordance with the new trial date. In support thereof, Plaintiffs state the following as good cause for resetting the trial date and interim deadlines.

7. First, the interlocutory appeal filed by Defendant Sung Bum Chang divested the Court of its jurisdiction over the case and, therefore, prevented Plaintiffs from either filing a motion for summary judgment or filing pre-trial materials in accordance with the Court's scheduling order. The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involve in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Moreover, a district court should not alter the status of the case on appeal by addressing issues that are before the appellate court.

*Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). In this case, the issue raised by Mr. Chang's appeal was whether the Court properly granted default judgment. Thus, any further activity in the case with respect to summary judgment or pre-trial motions and filings could have altered the status of the appeal by rendering the appeal moot. As a result, in an abundance of caution and to avoid issues on appeal, Plaintiffs did not file any motions or documents during the period that the appeal was pending.

8.    Second, following the Fifth Circuit's dismissal of Mr. Chang's interlocutory appeal, Plaintiffs are now in a position to file dispositive motions, file pre-trial materials, and resolve logistical issues with the trial. With respect to the trial in particular, Plaintiffs need additional time to resolve certain issues, such as ensuring the availability of Plaintiffs and court-appointed translators and resolving issues regarding the availability of Defendants for the trial. Moreover, Plaintiffs intend to address the issues left open by the Court's order dated February 9, 2010 (Dkt. # 30) regarding whether any in-court judicial proceedings should be open to the public.

9.    By this Motion, Plaintiffs do not seek to unnecessarily delay the trial or prejudice Defendants. On the contrary, Plaintiffs anticipate that an appropriate delay will allow the parties sufficient time to resolve logistical issues following the dismissal of Mr. Chang's interlocutory appeal.

10.   Plaintiffs respectfully request that the Court waive the required client consents, which would require the public disclosure of Plaintiffs identities contrary to the February 9, 2010 Order. Alternatively, Plaintiffs request that they be permitted to file such consents under seal within the time required by the Court's Order.

## III.
## CONCLUSION

11. Accordingly, Plaintiffs respectfully request that the Court grant their Motion for Continuance Regarding Trial Setting and request that this Court reset the bench trial in this matter for the first available trial setting in August 2011. Additionally, Plaintiffs request that this Court reset the deadlines for the parties to file dispositive motions and pre-trial materials in accordance with the new trial date. Plaintiffs further seek any and all other such relief to which they are justly entitled.

DATED: February 14, 2011

        Respectfully submitted,

        FULBRIGHT & JAWORSKI L.L.P.

        /s/ Luis G. Zambrano
            Luis G. Zambrano
            State Bar No. 24033497

        2200 Ross Avenue, Suite 2800
        Dallas, Texas 75201-2784
        Telephone: (214) 855-8000
        Facsimile: (214) 855-8200

        ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of February, 2011, I served the foregoing document on the following *pro se* parties via First Class Mail, Return Receipt Requested:

Sung Bum Chang
Reg. No. 33473-177
FCI
P.O. Box 9000
Seagoville, TX  75159-9000

Hyang Kyung Chang
565 W. Oates Rd. # 166
Garland, TX 75043

             /s/ Luis G. Zambrano

             Luis G. Zambrano

**CERTIFICATE OF CONFERENCE**

Due to the difficulties in reaching Mr. Sung Bum Chang, who is currently incarcerated at FCI-Seagoville, Plaintiffs have been unable to confer with him regarding the foregoing motion. Additionally, Plaintiffs have been unable to confer with Defendant Hyang Kyung Chang and lack current contact information for her.  Plaintiffs do not anticipate that Defendants will object to the requested relief.

/s/ Luis G. Zambrano

Luis G. Zambrano