IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JANE DOES 1-3, §
    Plaintiffs, §
§
vs. § Case No. 3:08-cv-02189-N
§
SUNG BUM CHANG, et al. §
    Defendants. §



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 7 2012
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## DEFENDANT'S REPLY TO THE PLAINTIFFS' UNTIMELY RESPONSE TO HIS PENDING MOTION FOR SANCTIONS

Comes now Sung Bum Chang, <u>pro se</u> Defendant, and replies to the Plaintiffs' untimely response to his pending motion for sanctions, for their failure to comply with this Court's discovery order dated March 7th, 2012.

A Reply is necessary because the Plaintiffs' response contains numerous misrepresentations as to the facts and the law, as discussed herein.

### I.

### PLAINTIFF'S UNTIMELY RESPONE

Plaintiffs concede that their response is untimely, as they have filed a "Motion to file a response <u>out of time</u>..." <u>See</u> Docket Entry # 75 (emphasis added).

On May 1st, 2012, Defendant filed a Motion for Sanctions because the Plaintiffs failed to comply with the explicit discovery order of this Court, dated March 7th, 2012 - requiring

Plaintiffs to turn over "their medical, mental health, employment, tax, and education records that relate to their damage claims within thirty (30) days of the date of this order."

Defendant concedes that due to his language barrier (i.e., lack of proficiency in English), lack of legal knowledge, and unintentional oversight he did not fill in the date on the "certificate of service" on one of the two places on the form. That date being May 1st, 2012. Because defendant attested as to service already having been completed on May 1st, 2012, under the penalty of perjury, logic dictates that the service must in fact have occurred on or prior to that date, despite Defendant's failure to fill in the actual date of transmission. This is supported by the fact that the said motion for Sanctions was docketed by the Clerk of this Court on May 7th, 2012 - certainly counsel for plaintiffs would have received electronic notification from the PACER system on that date of this document.

Even assuming that counsel was not served until May 7th, 2012, his Response was filed on June 4th, 2012, which is still later than that required under Civil Local Rule 7.1, limiting the response period to 21-days.

Plain and simple, no matter how the calculation is performed, the Plaintiffs' response is untimely and should be stricken from the record.

The statement by Counsel for Plaintiffs that he "erroneously did not calendar the existence of the Motion [for Sanctions] due to the missing Certificate of Service", is factually incorrect because the certificate of service was present but merely missing

one of the two date entries. Moreover, to the extent that Plaintiffs' Counsel thought that Defendant's motion was defective, he should have filed a <u>timely</u> response raising the reasons why the Court should not consider the motion, rather than waiting a week after the deadline for submitting a response and then trying to justify his delay on a theory that he has forfeited, due to his failure to timely raise it!

## II.

### LACK OF REASONABLE EFFORT BY PLAINTIFFS TO COMPLY WITH THIS COURT'S DISCOVERY ORDER DATED MARCH 7TH, 2012

Plaintiffs have failed to put forth a reasonable effort to comply with this Court's discovery order dated March 7th, 2012.

By their own admission, Plaintiffs concede that they failed to turn over any responsive documents within the 30-day period ordered by the Court. Moreover, even the belated disclosure is not responsive to the Court's order.

Specifically, Plaintiffs have not even disclosed the identities of their medical or mental health providers - much less their actual records. Moreover, the Plaintiffs failed to disclose a list of their employers - much less their actual employment records. Plaintiffs have failed to disclose any financial records - much less their tax records.

The disclosure by Plaintiffs is alarming for its omission, as describe above.

Absent actual medical and mental health, employment, tax, and education records, Defendant has no meaningful means of

putting forth a defense. Plaintiffs' failure to comply with this Court's discovery order is all the more prejudicial in that Defendant has no possible means to investigate because: (a) he is incarcerated; (b) he is indigent and cannot afford counsel; and, (c) at the Plaintiffs' request, this Court has forbidden Defendant from disclosing the actual names of the Plaintiffs to anyone.

Under these debilitating conditions, fundamentals of justice require far more effort by Plaintiffs than they have put forth in order to be deemed reasonable.

Plaintiffs' analysis of <u>Abuya v. Verizon Select Servs.</u>, 2010 WL 3583258 (N.D. Tex. Sept. 9, 2010), is incorrect. Abuya was a <u>pro se</u> Plaintiff that was unfamiliar with the law - thus requiring repeat instruction from the Court. Plaintiffs' here, however, are represented by seasoned counsel who must be held to a higher standard as an officer of this Court. His failure to comply with this Court's discovery order is inexcusable and warrants sanctions under Rule 37.

Plaintiffs concede that this court has "inherent authority to award sanctions...this inherent power 'may be excercised only if essential to preserve the authority of the court.'" Pliantiffs' Response at p.4, citing <u>Positive Software Solutions, Inc. v. New Century Mortg. Corp.</u>, 619 F.3d 458 (5th Cir. 2010).

Sanctions are essential to preserve the authority of this court here because Plaintiffs' counsel has failed to comply with the explicit order of this Court. Without compliance with this Court's discovery order, justice cannot be served - something

that is being directly impeded by Plaintiffs.

### III.

### REQUEST FOR AN IN CAMERA REVIEW AND A HEARING

The documents produced by the Plaintiffs are not adequately responsive to this Court's order dated March 7th, 2012. Plaintiffs somehow contend otherwise.

Defendant humbly request the Court to conduct an <u>in camera</u> review of the documents produced by the Plaintiffs to ascertain for itself whether Plaintiffs have reasonable complied with this Court's explicit order dated March 7th, 2012 - requiring Plaintiffs to turn over all of "their medical, mental health, employment, tax, and education records that relate to their damage claims within thirty (30) days of the date of this order."

Defendant is certain that, upon conducting its own review of the Plaintiffs' belated production of documents, the Court will agree that Plaintiffs have plainly, unreasonable failed to comply with this Court's explicit discovery order - a failure that is worthy of sanctions per Rule 37 of the Federal Rules of Civil Procedure.

### IV.

### REQUEST FOR PRO BONO COUNSEL

Because of the complexity of the federal discovery process and the extreme barriers present in this case, Defendant humbly prays that the reconsider his prior motion that the Court request <u>pro bono</u> representation in this case.

The unique and extraordinary barriers in this case include: (1) defendant's incarceration; (2) his indigent status and inability to be able to afford representation; (3) Defendant's lack of proficieny in English and the law; (4) lack of adequate compliance by Plaintiffs to this Court's discovery order; and, (5) the Court having forbidden Defendant from disclosing the identities of the Plaintiffs to anyone.

Under these circumstances, Defendant has no hope of being able to put forth a meaningful defense because all paths to the relevant evidence have been closed. Thus, a request for <u>pro bono</u> representation in this case is not only appropriate but, in fact, necessary to protect the ends of justice.

## V.

## CONCLUSION

WHEREFORE Defendant humbly requests that: (1) the Plaintiffs' untimely response be stricken from the record; (2) the Court order an <u>in camera</u> review of the documents produced by Plaintiffs to date; (3) the Plaintiffs be properly sanctioned for their failure to comply with this Court's order dated 3/7/2012; and (4) the Court reconsider requesting <u>pro bono</u> representation for this incarcerated, indigent Defendant with a language barrier

who has been forbidden to communicate with anyone about the identity of the Plaintiffs.

>Respectfully submitted,
>
>_____
>Sung Bum Chang,
>pro se Litigant
>Reg. # 33473-177
>FCI Seagoville
>P.O. Box 9000
>Seagoville, Texas 75159
>
>BY HIS NEXT FRIEND

### Declaration

I, Sung Bum Chang, hereby delcare under the potential penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct. Executed on: 6-22-12 .

_____
Sung Bum Chang

## Certificate of Service

I, Sung Bum Chang, hereby certify that on June 22, 2012, consistent with the "mailbox rule" and the FCI Seagoville "legal mail regulations", I have caused a pleading entitled "Defendant's Reply to the Plaintiffs' Untimely Response to His Pending Motion for Sanctions" to be served upon the following by hand-delivering to the FCI Seagoville mailroom staff member an envelope containing the aforementioned pleading, with appropriate first-class prepaid postage affixed and addressed to:

One (1) original and two (2) copies to:

Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce
Dallas, Texas 75242

One (1) copy to:
Luis Zambrano, Esq.
2200 Ross Avenue, # 2800
Dallas, Texas 75201

_____
Sung Bum Chang

## Declaration

I, Sung Bum Chang, hereby declare under the potential penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and accurate. Executed on: 6-22-12.

_____
Sung Bum Chang

**SUNG BUM CHANG**
Register No. 33473-177
F.C.I. Seagoville
P.O. Box 9000
Seagoville, Texas  75159

June 21st, 2012

Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce, Rm. 1452
Dallas, Texas

                      Re: <u>Jane Does 1-3 v. Sung Bum Chang</u>

                           Case No. 3:08-cv-02189

Dear Clerk of the Court:

    Enclosed please find an original and two (2) copies of a pleading entitled "Defendant's Reply to the Plaintiffs' Untimely Response to His Pending Motion for Sanctions."

    Please docket this "verified Reply: in the above captioned case.  Thereafter, please return a file-stamped copy in the self-addressed, postage prepaid envelope provided, for my records.

    I thank you in advance for your attention to this matter.

                                           Sincerely,

                                           Sung Bum Chang

Sung B Chang
Reg No. 33473-177
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159-9000

⇨33473-177⇦
Clerk Of The Court
Usdc/Ndt
1100 Commerce ST
ROOM 1452
Dallas, TX 75242-1495
United States

U.S. POSTAGE PAID
SEAGOVILLE, TX
75159
JUN 25, '12
AMOUNT
$0.00
00054675-05

RECEIVED
JUN 27 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS